**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4887**

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

        v.

AL ANTONIO BELLAMY,

             Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00009-RLV-DCK-9)

Submitted: November 30, 2009          Decided: December 15, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard E. Beam, Jr., HUBBARD & BEAM, Gastonia, North Carolina, for Appellant. Edward R. Ryan, Acting United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Al Antonio Bellamy pled guilty, without a plea agreement, to conspiracy to possess with intent to distribute more than fifty grams of crack cocaine, more than five kilograms of cocaine, and more than 1000 kilograms of marijuana, in violation of 21 U.S.C. § 846 (2006). The district court sentenced him to a 405-month term of imprisonment, a one-level upward variance from the advisory guidelines range. On appeal, Bellamy asserts that the district court's application of the murder cross-reference violated his Sixth Amendment rights and that the court abused its discretion in varying from the guidelines range. Finding no reversible error, we affirm.

Bellamy first asserts that application of the murder cross-reference violated his Sixth Amendment rights because the facts were neither submitted to a jury nor admitted by him. He concedes, however, that judicial fact-finding is permitted. We agree. See United States v. Benkahla, 530 F.3d 300, 312 (4th Cir. 2008) ("Sentencing judges may find facts relevant to determining a [g]uidelines range by a preponderance of the evidence, so long as that [g]uidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict."), cert. denied, 129 S. Ct. 950 (2009). Because the 405-month sentence falls within the statutory maximum sentence of life imprisonment, see 21 U.S.C.A.

2

§ 841(b)(1)(A) (West Supp. 2009), the district court's finding, by a preponderance of the evidence, that Bellamy committed first-degree murder in a reign of terror related to his drug activities did not violate the Sixth Amendment. To the extent that Bellamy urges us to revisit this issue, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting en banc can do that." Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271-72 n.2 (4th Cir. 2002) (internal quotation marks and citation omitted).

Bellamy also contends that the district court abused its discretion in varying upward one offense level from the advisory guidelines range. He asserts that the reasons stated by the district court to support the variance already were taken into account in the application of the murder cross-reference. We review a sentence for reasonableness under an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008), cert. denied, 129 S. Ct. 1312 (2009).

In reviewing the substantive reasonableness of the sentence, we "tak[e] into account the totality of the circumstances, including the extent of any variance from the [g]uidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks and citation omitted).

3

Where a sentence is outside the advisory guidelines range, the appellate court must "consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. "'[A] major departure should be supported by a more significant justification than a minor one[,]' [b]ut a district court need not justify a sentence outside the [g]uidelines range with a finding of 'extraordinary' circumstances." United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008) (quoting Gall, 552 U.S. at 47, 50). With these standards in mind, we have reviewed the district court's explanation supporting the one-level upward variance and conclude that the court did not abuse its discretion in light of the multiple murders and shootings committed by Bellamy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED